UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SILVER FISH INTERNATIONAL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KAIFANG YUAN, an individual; and ZHENGZHOURUIJIHEDIANZI-SHANGWUYOUXIANGONGSI, a Chinese entity,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS (DOC. NO. 6)**<br><br>Case No. 2:25-cv-00727<br><br>Magistrate Judge Daphne A. Oberg |

Silver Fish International, LLC, brought this copyright infringement action against Kaifang Yuan, an individual residing in China, and Zhengzhouruijihedianzishangwuyouxiangongsi, an entity based in China.[1] Silver Fish moves for leave to effect service by email—specifically, email to the defendants' United States-based counsel recently retained to obtain a trademark for one of their online businesses.[2] Because service by email is permissible under Rule 4(f)(3) of the Federal Rules of Civil Procedure and not prohibited by international agreement—and service by email to the defendants' attorney is reasonably calculated to provide notice and an opportunity to respond—Silver Fish's motion is granted.

---

[1] (*See generally* Compl., Doc. No. 2.)

[2] (Ex Parte Mot. for Alt. Serv. (Mot.), Doc. No. 6.)

BACKGROUND

In August 2025, Silver Fish brought this copyright infringement action, claiming the defendants unlawfully copied its instruction manuals and included the infringing manuals with knock-off competing products the defendants sold online.[3] According to Silver Fish, Mr. Yuan owns and operates Zhengzhouruijihedianzishangwuyouxiangongsi, a Chinese entity based in Zhengzhou.[4] The defendants do business as BakeArt and RusicEss, primarily through online sales via Amazon and Ebay.[5] And they filed for a RusicEss trademark in January 2025, which was formally registered in September 2025.[6] Mr. Yuan is the registered owner of the trademark and the associated address is in China.[7] This is the only physical address Silver Fish has located associated with the defendants, BakeArt, or RusicEss.[8] But further searches did not confirm this.[9]

However, Silver Fish has identified information for the defendants' trademark counsel based in the United States. According to the trademark report, Norman R. Van

---

[3] (Compl. ¶¶ 31–63, Doc. No. 2.)

[4] (Id. ¶¶ 2–3, 5.)

[5] (Id. ¶¶ 4, 31–32; Mot. ¶ 8, Doc. No. 6.)

[6] (Mot. ¶ 9, Doc. No. 6; Decl. of Michael Eixenberger in Supp. of Mot. (Eixenberger Decl.) ¶ 11 & Ex. A to Eixenberger Decl. 1, Doc. No. 6-1.)

[7] (Mot. ¶ 11, Doc. No. 6; Eixenberger Decl. ¶¶ 7–10 & Ex. A to Eixenberger Decl. 1, Doc. No. 6-1.)

[8] (Eixenberger Decl. ¶ 9, Doc. No. 6-1.)

[9] (Id. ¶ 10.)

Treeck is the attorney of record for the defendants' trademark action.[10] The report lists Mr. Van Treeck's California mailing address and two email addresses,[11] but it does not list email addresses for the defendants themselves.[12] And other than the information in the trademark report, Silver Fish has been unable to identify email addresses, registered agents, business registrations, or company websites for the defendants, BakeArt, or RusicEss.[13] Accordingly, Silver Fish seeks leave to serve the defendants by email to Mr. Van Treeck.[14]

## LEGAL STANDARDS

Rule 4(h) of the Federal Rules of Civil Procedure provides that a foreign corporation, partnership, or other unincorporated association may be served outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery."[15] Rule 4(f) governs service of an individual outside the United States and permits service as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

---

[10] (Mot. ¶ 10, Doc. No. 6; Ex. A to Eixenberger Decl. 1, Doc. No. 6-1.)

[11] (Ex. A to Eixenberger Decl. 1, Doc. No. 6-1 (listing P.O. Box 3399, Landers, California, 92285, and norman@pasadenapatents.com and asmtmtracking@outlook.com under "Attorney/Correspondence Information").)

[12] (*See id.*)

[13] (Mot. ¶ 14, Doc. No. 6; Eixenberger Decl. ¶¶ 12–13, Doc. No. 6-1.)

[14] (Mot. 7, Doc. No. 6.)

[15] Fed. R. Civ. P. 4(h)(2).

(2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice [as enumerated in subsections (A)–(C)]; or

(3) by other means not prohibited by international agreement, as the court orders.[16]

Rule 4(f) does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3).[17] The relevant inquiry under Rule 4(f)(3) is whether the requested method of service is prohibited by international agreement, including the Hague Convention.[18] A method of service authorized under Rule 4(f)(3) must also comport with constitutional notions of due process, meaning it must be "reasonably calculated to provide notice and an opportunity to respond."[19]

## ANALYSIS

Silver Fish's proposed method of service is permissible under Rule 4(f)(3). First, service by email is not prohibited by international agreement. China is a signatory to

---

[16] Fed. R. Civ. P. 4(f).

[17] *See, e.g.*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *8 (D. Utah Oct. 29, 2020) (unpublished).

[18] *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020); *Rio Props.*, 284 F.3d at 1015 n.4; *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *9.

[19] *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12 (quoting *Rio Props.*, 284 F.3d at 1017).

the Hague Convention.[20]  The Hague Convention does not expressly prohibit service by email, and courts in this district and other jurisdictions have permitted service by email under Rule 4(f)(3).[21]  Likewise, the Hague Convention does not expressly prohibit service through a foreign defendant's United States-based counsel, and the Tenth Circuit has approved this method of service under Rule 4(f)(3).[22]  In other words, Silver Fish's proposal to serve the defendants via email to their United States counsel is not prohibited by international agreement—the first requirement of Rule 4(f)(3).

Second, Silver Fish's proposed service method comports with constitutional notions of due process because it is "reasonably calculated to provide notice and an

---

[20] *See* Contracting Parties, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 [https://perma.cc/B99R-65TG].

[21] *See, e.g.*, *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572, 2007 U.S. Dist. LEXIS 31299, at *5–6 (N.D. Cal. Apr. 17, 2007) (unpublished).  China has objected to Article 10 of the Hague Convention, which permits service "by postal channels, directly to persons abroad" only if the "State of destination does not object."  20 U.S.T. 361, art. 10(a); Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=393&disp=resdn [https://perma.cc/94RU-S8FG] (translation of China's declaration of opposition to Article 10).  Courts are split as to whether a country's objection to Article 10(a) is an objection to service by email, but the majority have concluded it is not.  *See Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *10; *see also Deseret Book Co. v. Nanjing Lian Yidu Trading Co., Ltd.*, No. 2:24-cv-00961, 2025 U.S. Dist. LEXIS 10690, at *8–9 (D. Utah Jan. 21, 2025) (unpublished) (collecting cases and finding email service not prohibited even though China objected to Article 10 of the Hague Convention).

[22] *See Compañía de Inversiones Mercantiles, S.A.*, 970 F.3d at 1294–95 (noting "numerous courts have authorized alternative service under Rule 4(f)(3), including [s]ervice upon a foreign defendant's United States-based counsel, in cases involving countries that have objected to the alternative forms of service permitted under Article 10 of the Hague Convention" (alterations in original) (internal quotation marks omitted)).

opportunity to respond."[23]  Service of process by email meets constitutional due process requirements.[24]  And courts often permit service on foreign defendants through their retained United States counsel, regardless of whether counsel is specifically authorized to accept service.[25]

In this case, service via email to the defendants' trademark counsel, Mr. Van Treeck, is reasonably calculated to provide notice and an opportunity to respond.  Mr. Yuan owns and operates Zhengzhouruijihedianzishangwuyouxiangongsi.[26]  He is the owner of the RusicEss trademark registered in September 2025.[27]  And Mr. Van Treeck is his California-based attorney of record for that contemporaneous trademark action.[28]  Where Mr. Van Treeck has represented Mr. Yuan as recently as September 2025, and where the defendants are based in China and do business primarily through online

---

[23] *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *12 (quoting *Rio Props.*, 284 F.3d at 1017).

[24] *See, e.g.*, *DoTerra Holdings v. Zkouty,* No. 2:22-cv-00529, 2023 U.S. Dist. LEXIS 163849, at *4 (D. Utah Sept. 13, 2023) (unpublished) (noting "service by email is likely the most effective way to notify Defendants of this case"); *DP Creations, LLC v. Reborn Baby Mart*, No. 2:21-cv-00574, 2021 U.S. Dist. LEXIS 266076, at *20 (D. Utah, Nov. 22, 2021) (unpublished) ("In this case, email service clearly comports with constitutional notions of due process."); *Rio Props.*, 284 F.3d at 1017 (concluding "[w]ithout hesitation" that service of process by email met constitutional due process requirements).

[25] *See Compañía de Inversiones Mercantiles, S.A.*, 970 F.3d at 1295 (collecting cases).

[26] (Compl. ¶¶ 2–5, 31–32, Doc. No. 2; Mot. ¶ 8, Doc. No. 6)

[27] (Eixenberger Decl. ¶ 11 & Ex. A to Eixenberger Decl. 1, Doc. No. 6-1.)

[28] (Ex. A to Eixenberger Decl. 1, Doc. No. 6-1 (trademark report listing a mailing address at P.O. Box 3399, Landers, California, 92285, and two email addresses—norman@pasadenapatents.com and asmtmtracking@outlook.com—for Mr. Van Treeck).)

sales,[29] service by email to Mr. Van Treeck will likely be the best way to effect service of process on the defendants.[30] Accordingly, the proposed method of comports with due process—the second requirement of Rule 4(f)(3).

## CONCLUSION

Because Silver Fish's proposed method of serving the defendants by email to their trademark counsel is not prohibited by international agreement and comports with constitutional notions of due process, the motion[31] is granted. Silver Fish may serve the defendants by doing the following:

1. Silver Fish must send a summons, the complaint, and a copy of this order to Mr. Van Treeck at defendantsnorman@pasadenapatents.com and asmtmtracking@outlook.com; and

2. Silver Fish must do so three times per week for two consecutive weeks, but not more often than once every other day, unless and until Mr. Van Treeck responds acknowledging receipt of service.

---

[29] Silver Fish has been unable to locate any contact information for the defendants. (*See* Eixenberger Decl. ¶¶ 12–13, Doc. No. 6-1 (attesting to the inability to find contact information, including email addresses or company websites, registered agents, business registrations, or other information (beyond unverifiable addresses in China for the defendants, BakeArt, or RusicEss), apart from the information in the trademark report).)

[30] *See, e.g.*, *Deseret Book*, 2025 U.S. Dist. LEXIS 10690, at *9–10 (concluding service of process by email comported with due process where it was likely best, if not the only, means of effecting service of process on the defendant, an e-commerce company based in China).

[31] (Doc. No. 6.)

Service of these defendants shall be deemed complete upon completion of these steps.  Silver Fish shall file proof of compliance with this order, and the deadline to serve these defendants is extended to March 4, 2026.

DATED this 17th day of February, 2026.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge
